UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America        :
                                :
        v.                      :        File No. 2:03-CR-46
                                :
Brian Hoskins                   :

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Paper 29)


Defendant Brian Hoskins has moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  In June, 2003, Hoskins pleaded guilty to distribution of crack cocaine.  On September 29, 2003, he was sentenced to 84 months in prison, to be followed by three years of supervised release.  The sentence was based, in part, on a two-level enhancement under the Federal Sentencing Guidelines for possession of a gun.

In his § 2255 motion, Hoskins argues that the gun enhancement violated his Sixth Amendment rights under Blakely v. Washington, 124 S. Ct. 2531 (2004), and that the fact of his possession "was found by less than a preponderance of the evidence standard as required by USSG 2D1.1(b)(1)."  (Paper 29 at 4-5).  He also claims that his attorney failed to file an appeal, despite his explicit instructions that she do so.  The government has

opposed Hoskins' motion, arguing (1) that <u>Blakely</u> is not retroactive, and (2) that Hoskins' claim of attorney error is untimely under § 2255's statute of limitations. (Paper 32).

The Court has appointed counsel to represent Hoskins, and a hearing was held on November 17, 2005. Hoskins' trial counsel, Elizabeth Mann, Assistant Federal Public Defender, testified at the hearing with respect to the question of whether Hoskins had requested an appeal, and on issues relating to the gun possession enhancement. Hoskins was present at the hearing, but did not testify. Having heard the testimony and reviewed the evidence submitted by the parties, and for the reasons more fully set forth below, I recommend that Hoskins' § 2255 motion be DENIED.

### Factual Background

According to the Criminal Complaint, a person who was cooperating with the Burlington Police Department made four purchases of cocaine and cocaine base from Hoskins between February 19, 2003 and March 19, 2003. On March 20, 2003, Burlington police executed a search warrant for Hoskins' residence. While police were

2

entering the residence, Hoskins was seen climbing out of a bedroom window. Beneath the window, police found a .22 caliber pistol. Hoskins was immediately detained and brought back to the residence.

Inside the residence, police found what they determined to be 26 grams of crack cocaine, powder cocaine and Ecstacy tablets. Police also found cellular phones, a digital scale, and bus tickets indicating travel between Burlington and New York City. Hoskins was subsequently arrested and indicted on four Counts of distributing cocaine.

On March 26, 2003, Mann entered her appearance as Hoskins' court-appointed counsel. She subsequently reviewed Hoskins' criminal history and learned that he had been charged in two prior drug felonies in New York. At the § 2255 hearing, Mann testified that these prior felonies, as well as Hoskins' other prior convictions, caused her to worry that her client might qualify as a career offender under the Federal Sentencing Guidelines. Mann was also concerned that the government would file (1) a 21 U.S.C. § 851 notice of prior felony convictions, thereby exposing Hoskins to a mandatory minimum sentence

3

of 10 years, (2) a charge under 18 U.S.C. § 924(c) for possessing a firearm during a drug trafficking crime, and/or (3) a charge of being a felon in possession of a firearm.

Hoskins ultimately entered a plea of guilty to one Count of drug distribution.  According to Mann's testimony, there was also an understanding that the government would not file a § 851 notice.  When Mann received the Pre-Sentence Investigation Report ("PSR"), she learned that one of the prior New York offenses did not qualify as a predicate for career offender status. At the § 2255 hearing, Mann testified that the government was "extremely surprised" by this fact, and that it was a "significant development" for her client.

Mann subsequently received an analysis of the drugs that were seized at Hoskins' residence.  While the parties initially believed that the amount seized, as weighed by the police, totaled 26 grams, the analysis of the drugs without the packaging weighed 16 grams.  This difference in drug weight would mean a drop of 2 levels under the Sentencing Guidelines.

With respect to the firearm found outside Hoskins'

4

home, Mann initially objected to any enhancement for
gun possession.  She explained at the § 2255 hearing,
however, that the defense had nothing concrete to show
that the gun did *not* belong to Hoskins.  Specifically,
there was no witness to say that it was not Hoskins' gun,
and the gun was found outside Hoskins' home in a
relatively dry, clean condition on a winter day when
there was snow on the ground.

On direct examination, Mann testified that in order
to contest a gun possession enhancement, she thought she
would need to put Hoskins on the witness stand.  This
tactic, however, would carry with it significant risks
for her client.  If Hoskins testified, the government
planned to present the testimony of a police officer who
would allegedly link Hoskins to the gun.  If the Court
did not believe Hoskins' testimony, he might lose any
credit for acceptance of responsibility and possibly
receive a sentence enhancement for obstruction of
justice, thereby incurring a "five level swing" under the
Sentencing Guidelines.  Mann discussed this risk with
Hoskins, and he concluded that he did not want to
challenge the gun enhancement.  Mann testified that

Hoskins' decision was based, in part, upon the fact that he was already receiving a lower sentencing range than originally anticipated due to the reduction in drug quantity.[1]

On September 22, 2003, Mann wrote to Hoskins and confirmed that she was withdrawing the objection to the gun enhancement.  In her letter, Mann explained that the gun objection was still included in the final PSR only because it "was not withdrawn sooner," and that Hoskins could therefore expect questions from the Court about the gun issue at sentencing.  Mann spoke with Hoskins via telephone in the week prior to his September 29, 2003 sentencing, and again in person at the courthouse immediately before sentencing.  Mann testified that in the course of these conversations, Hoskins never expressed a desire to challenge the gun enhancement.  In fact, Hoskins was reportedly "relieved" about his potential sentence.

---

[1]  On cross-examination, Mann conceded that she could have pursued an objection to the gun enhancement without Hoskins' testimony, but believed at the time that her cross-examination of the police officer would not have persuaded the Court that the gun did not belong to her client.

At sentencing, the Court imposed an 84 month sentence, which was the low end of the applicable Guideline range.  According to Mann, this sentence was "roughly 50%" of what the parties had expected Hoskins to receive when the case commenced.  Mann met with Hoskins immediately after his sentencing, and recalls that he was satisfied with his sentence and that "there was no appeal to be filed."

Mann further testified that when a client wants to appeal, she always files that appeal, and often does so before the Judgment and Commitment is docketed.  If a client does not wish to appeal, she does not send a letter memorializing that decision unless the client was either unable to meet with her after sentencing or seemed "ambivalent" about the sentence.  When asked by the government at the § 2255 hearing if Hoskins had requested an appeal, Mann stated that "he definitely did not."

In the weeks after Hoskins' sentencing, Mann spoke with him twice.  In her conversation with Hoskins on October 2, 2003, they talked about discussions that Mann should have with the attorney representing Hoskins in a pending state court criminal proceeding.  Mann did not

recall the topic of her conversation with Hoskins on October 8, 2003.

On August 10, 2004, Mann received a letter from Hoskins asking about filing a "2255 appeal." In a letter dated August 10, 2004, but not sent until September 10, 2004, Mann advised Hoskins that if he wished to file a § 2255 motion, he should do so quickly because his one-year statute of limitations was due to expire on October 8, 2004. Specifically, Mann informed Hoskins that "[i]nasmuch as you were sentenced on September 29, 2003, your time for filing an appeal expired ten days after the entry of judgment (October 9, 2003) and your time for filing a petition pursuant to 28 U.S.C. § 2255 will expire one year from that date." (Parenthetical in original).

In his § 2255 filings, Hoskins claims that he sent a letter to the Second Circuit on October 20, 2004, inquiring about "the status of his appeal; whether his attorney filed an appeal, and whether the Court adjudicated upon the same." (Paper 33 at 5). At the § 2255 hearing, the government introduced a letter from Hoskins to Mann dated October 21, 2004, just one day

8

after the date of the letter Hoskins allegedly sent to the Second Circuit. That letter made no reference to a pending appeal, and instead sought copies of statements and investigative reports relating to his conviction.

Hoskins has also submitted affidavits from his parents stating that they were aware of his desire to appeal the gun enhancement, and that his mother had difficulty reaching Mann at her office. (Papers 33 and 34, attached affidavits). At the § 2255 hearing, Mann testified that Hoskins' father was present at the sentencing hearing, but that he did not speak with her about filing an appeal.[2] Hoskins' parents did not testify at the § 2255 hearing.

## Discussion

### I.  Statute of Limitations

The government argues that Hoskins' claims are barred by § 2255's statute of limitations. Section 2255 contains a one-year statute of limitations for federal

---

[2]  Mann also testified about policy and staff changes in mid to late 2004 that may have resulted in her office not accepting calls from prisons. On re-direct, Mann explained that prior to that time, which would include the time period immediately after Hoskins' sentencing, her office was accepting all collect calls from prisoners.

prisoners who seek to file a habeas corpus motion.  28

U.S.C. § 2255.  In pertinent part, the statute states:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The government claims that Hoskins filed his § 2255

motion "about a year and five weeks after his September

29, 2003 sentencing," and that the motion is, therefore,

untimely.  (Paper 32 at 3).  The Second Circuit has

determined that "for purposes of § 2255 motions, an

unappealed federal criminal judgment becomes final when

the time for filing a direct appeal expires." United

States v. Moshier, 402 F.3d 116, 118 (2d Cir. 2005).

Under Federal Rule of Appellate Procedure 4(b), a
defendant's notice of appeal from a judgment of
conviction must be filed within ten days. Accordingly,
it appears that Hoskins' limitations period expired one
year and ten days after judgment was entered, and that
his filing is time-barred.

Despite Hoskins' belated filing, the Court held a
hearing in this matter based upon its belief that this
case might be governed by Wims v. United States, 225 F.3d
186 (2d Cir. 2000). In Wims, the defendant instructed
his attorney on the day of sentencing to file an appeal,
but learned 16 months later that no appeal had been
filed. The district court barred the defendant's § 2255
motion as untimely. The Second Circuit vacated and
remanded the district court's decision, citing the
provision in § 2255 that allows the limitations period to
commence when "the facts supporting the claim or claims
presented could have been discovered through the exercise
of due diligence." 28 U.S.C. § 2255(4). In light of
this provision, the Second Circuit held that "the proper
task in a case such as this one is to determine when a
duly diligent person in petitioner's circumstances would

have discovered that no appeal had been filed." <u>Wims</u>,
225 F.3d at 190.  The court declined to determine the due
diligence question "because the date on which the
limitations clock began to tick is a fact-specific issue
the resolution of which depends, among other things, on
the details of Wims' post-sentence conversations with his
lawyer and on the conditions of his confinement" after
sentencing.  <u>Id.</u> at 190-91.

By virtue of Mann's testimony at the § 2255 hearing,
the Court now has additional information with respect to
Hoskins' "post-sentence conversations with his lawyer."
<u>Id.</u>  The Court finds that those conversations did not
include a request for an appeal.  On the contrary,
Hoskins was satisfied with the sentence he had received.
While Hoskins now claims that he wanted to appeal the gun
enhancement, it is clear from Mann's testimony and
related exhibits that any objection to the gun
enhancement was withdrawn, with Hoskins' knowledge and
consent, prior to sentencing.  Hoskins' claim that he
requested an appeal based upon the gun enhancement is,
therefore, not credible.

Furthermore, Hoskins was explicitly informed by

12

Mann, in her letter dated August 10, 2004, that the
limitations period for filing a § 2255 motion would
expire one year and ten days after his sentencing.
Mann's letter made no reference to that period being
extended by a pending appeal, and specifically referred
to the appeal period as having "expired."  Consequently,
Hoskins was on notice that his limitations period under §
2255 was set to expire, and that any habeas corpus motion
should be filed "as soon as possible and no later than
October 8, 2004."  Based upon these facts, the Court
should conclude that Wims does not apply, and that
Hoskins' § 2255 motion is untimely.

II.  Ineffective Assistance of Counsel

     Even assuming, *arguendo*, that Hoskins' § 2255 had
been filed within the limitations period, he cannot make
out a claim for ineffective assistance of counsel on the
basis of Mann's alleged failure to file an appeal.  When
a defendant instructs counsel to file an appeal and
counsel fails to do so, the defendant has potential
grounds for habeas relief.  Garcia v. United States, 278
F.3d 134, 137 (2d Cir. 2002) (citing Roe v.
Flores-Ortega, 528 U.S. 470, 484 (2000)).  The standard

                          13

for evaluating whether relief is appropriate is set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), which requires a petitioner to show "(1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant."  The Supreme Court has determined that, as to the first prong of the <u>Strickland</u> standard, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  <u>Flores-Ortega</u>, 528 U.S. at 477.   As to the second prong, a "petitioner has also shown prejudice when he shows that he would have taken an appeal, such as when he asked his counsel to file the appeal; he need not make a showing of the merits of the appeal."  <u>Garcia</u>, 278 F.3d at 137 (citing <u>Flores-Ortega</u>, 528 U.S. at 484); <u>see also</u> <u>McHale v. United States</u>, 175 F.3d 115, 119 (2d Cir. 1999).

Here, Hoskins cannot get past the first half of the <u>Strickland</u> test.  In his filings, Hoskins claims that he "<u>explicitly</u> informed Ms. Mann that she was to file a Notice of Appeal on 'his' behalf," and that Mann assured

14

him "that a Notice would be filed within the 10 allowable days for filing such Notice." (Paper 33 at 4) (emphasis in original). Hoskins did not support his claims at the testimonial hearing. In contrast, Mann testified in detail about her conversations with Hoskins before and after sentencing, and clearly recalled that Hoskins did not request an appeal. As discussed above, the Court finds Mann's testimony to be credible, and therefore concludes that Hoskins did not request a direct appeal. Accordingly, the Court should not find that Mann's conduct was "objectively unreasonable," and Hoskins' claim of ineffective assistance should be DENIED.

III.  *Blakely* Claim

Hoskins also claims that the imposition of the gun enhancement violated his Sixth Amendment right to have the fact of gun possession determined by a jury. Hoskins' § 2255, which was filed in November, 2004, cites <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004) in support of this argument. After Hoskins filed his motion, the Supreme Court issued <u>United States v. Booker</u>, 124 S. Ct. 738 (2005), which extended the holding in <u>Blakely</u> to the Federal Sentencing Guidelines.

15

Courts in this Circuit have consistently held that
Blakely and Booker are not retroactive. See, e.g., Green
v. United States, 397 F.3d 101, 103 (2d Cir. 2005)
("[N]either Booker or Blakely apply retroactively to
[petitioner's] collateral challenge."); Mingo v. United
States, 2005 WL 627637 at *2 (S.D.N.Y. Mar. 17, 2005)
("The Second Circuit has not yet directly addressed the
question of whether Booker applies retroactively on
collateral review to initial section 2255 petitions.
However, every circuit court that has considered the
question has concluded that Booker does not apply
retroactively.") (citations omitted); Woodard v. United
States, 2005 WL 524725 at *2 (E.D.N.Y. Mar. 7, 2005)
(Booker and Blakely do not apply retroactively on
collateral review for first time § 2255 petitions);
Hamdani v. United States, 2005 WL 419727 at *1-2
(E.D.N.Y. Feb. 22, 2005) (Blakely and Booker do not apply
retroactively on initial § 2255 motions).  In this case,
Hoskins is challenging a sentence that became final in
October, 2003, before the rulings in Blakely and Booker
were announced.  Because those rulings are not
retroactive, Hoskins' claim that the gun possession

allegation needed to be proven to a jury, and that the government's failure to do so violated his Sixth Amendment rights under <u>Blakely</u>, should be DENIED.

IV.  <u>Proof of Gun Possession</u>

Hoskins' final claim is that the "District Court's imposition of a weapon enhancement was found by less than a preponderance of the evidence standard as required by U.S.S.G. 2D1.1(b)(1)." (Paper 29 at 4-5). This claim was never asserted at sentencing, and was not raised on direct appeal.

"A motion under § 2255 is not a substitute for an appeal." <u>United States v. Munoz</u>, 143 F.3d 632, 637 (2d Cir. 1998). If the claim has not been presented on direct review, the claim is procedurally barred unless Hoskins can show (1) "cause" for the waiver and "actual prejudice" resulting from the alleged violations, or (2) "actual innocence." <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998); <u>Rosario v. United States</u>, 164 F.3d 729, 732 (2d Cir. 1998). To show "cause," Hoskins must demonstrate that he was prevented from filing a direct appeal. <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991) (cause is ""something external to the petitioner" which

"cannot be fairly attributed to him").

As discussed above, Hoskins consulted with his attorney on the issue of the gun enhancement, and decided to withdraw any objection.  At that time, Hoskins presumably knew of the weaknesses in the government's evidence on the gun issue, since those weaknesses were the basis of his initial objection.  Once that objection was withdrawn, Hoskins made no effort to reassert the objection or, after the sentence was imposed, to appeal to the Second Circuit.

Having failed to show that his attorney disregarded his request for an appeal, Hoskins has correspondingly failed to show cause for his failure to raise this issue on appeal.  See Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993) (because defendant did not instruct attorney to file notice of appeal, defendant's failure to appeal was due to his own conduct and thus was not "cause" that would overcome waiver of claims).  Nor has Hoskins argued that he was actually innocent of gun possession.  Accordingly, I recommend that his claim for relief based upon a lack of adequate proof of gun possession be DENIED.

18

<u>Conclusion</u>

For the reasons set forth above, I recommend that Hoskins' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be DENIED.

Dated at Burlington, in the District of Vermont, this 22nd day of November, 2005.


                              /s/ Jerome J. Niedermeier
                              Jerome J. Niedermeier
                              United States Magistrate Judge


Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).